## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| STEVEN PINEX, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **No. 18-cv-2028-JBM** |
| | ) | |
| DANVILLE CORRECTIONAL | ) | |
| CENTER et al., | ) | |
| | ) | |
| **Defendants.** | ) | |

### MERIT REVIEW ORDER

Plaintiff, proceeding *pro se*, pursues a § 1983 action asserting in inhumane conditions of confinement at the Danville Correctional Center ("Danville"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

On December 13, 2017, Plaintiff was transferred to disciplinary segregation at Danville. He was placed in cell 1-17 which had feces smeared on the walls. Plaintiff notified an unidentified staff member and requested that he be given cleaning supplies. Plaintiff was told that he would have to wait until cell cleaning day. Plaintiff was not satisfied and asked another officer for cleaning supplies and was told that the cell had already been cleaned. When

1

Plaintiff's personal belongings were given to him, he used his T-shirt and a bar of soup to clean, and complains that there was no hot water in his cell.

Plaintiff also alleges that from December 24 through 29, 2017 the window in his cell was stuck partially open. He claims that his cell was freezing cold and he was able to see his breath. On an unidentified date, Plaintiff told Defendant Warden Calloway of the window and generally cold conditions. Defendant Calloway told him that they were working on the heating problem. Plaintiff indicates that the window was finally closed on December 29, but does not reveal the length of time between his complaint to Defendant Calloway and the repair to the window.

Plaintiff asserts that even after his window was repaired, his cell continued to be extremely cold. He identifies other inmates in the segregation unit who also complained of the cold temperatures. Plaintiff asserts that Defendant Berger stood in several of the cells, acknowledged that they were unduly cold, and told the inmates he would place another work order. Defendant Burger also placed covers over the outside of the windows. Plaintiff alleges that Defendant Crain admitted it was too cold and recommended that the inmates write grievances so that the matter would be addressed. Plaintiff complains that Defendants, Williamson and Trueblood only made jokes when he, and the others, complained of the cold. He also alleges that he asked an unidentified individual for an extra blanket and coat and was denied.

Conditions of confinement which are "unquestioned and serious" and contrary to "the minimal civilized measure of life's necessities" violate the Eighth Amendment. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). However, "extreme deprivations are required to make out a conditions-of-confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Mere discomfort and inconvenience do not implicate the Constitution. *Caldwell v. Miller*, 790 F.2d

589, 600-01 (7th Cir.1986). A prison official does not become liable for inhumane conditions of confinement "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Plaintiff does not indicate how long he was in cell number 1-17 before he had the means to clean it. *Dixon v. Godinez,* 114 F.3d 640, 644 (7th Cir. 1997) (court to examine not just the severity, but the duration of the complained-of conditions). He also does not indicate the length of time between reporting the broken window to Warden Calloway and it being fixed. *See Gray v. Hardy*, 826 F.3d 1000, 1005. "An adverse condition of confinement, if endured over a significant time, can become an Eight Amendment violation even if it would not be impermissible if it were only a short-term problem." As a result, the Court cannot fully evaluate these claims.

Plaintiff does quantify the length of time in which he was held under extremely cold temperatures, as he notes it was from December 24, 2017 through December 29, 2017. Plaintiff does not claim, however, that he was harmed due to the cold. To assert a § 1983 claim for money damages Plaintiff must allege an injury. *Thomas v. Illinois*, 697 F.3d 612, 614 (7th Cir. 2012). *See Budd v.Motley*, 711 F.3d 840, 843 (7th Cir. 2013) (for case to be actionable, Plaintiff must allege that he suffered some cognizable harm, whether physical or psychological.) In addition, Plaintiff, generally, does not identify the manner in which any individual Defendant failed to take reasonable measures to correct the conditions, so as to plead how they were deliberately indifferent to him.

Plaintiff will have an opportunity to replead his claims.  He is placed on notice, however, that Danville is not a proper Defendant as it is not a "person" amenable to suit under Section 1983. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989) ("neither a State nor its officials acting in their official capacities are 'persons' under [Section] 1983.")  Furthermore, Danville, as a State agency, enjoys Eleventh Amendment immunity in a suit for money damages.  *Wynn v. Southward,* 251 F.3d 588, 592 (7th Cir.2001).

**IT IS THEREFORE ORDERED:**

1)    Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A.  Plaintiff shall have 30 days from the entry of this order to file an amended complaint, should he wish.  Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.  Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety.  Accordingly, the amended complaint must contain all allegations against all Defendants.  Piecemeal amendments are not accepted.

2)  Plaintiff's motion for recruitment of pro bono counsel [2] is rendered MOOT, with leave to reassert if he files an amended complaint.

_5/24/2018_                                              _____s/ Joe Billy McDade_____
ENTERED                                               JOE BILLY McDADE
                                                              UNITED STATES DISTRICT JUDGE